**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DAVID L. CULLEN,**

**Plaintiff,**

**v.** **Case No. 05-4142-JAR**

**MICHAEL J. ASTRUE,[1]**
**COMMISSIONER OF**
**SOCIAL SECURITY,**
**Defendant.**

**MEMORANDUM AND ORDER ADOPTING RECOMMENDATION AND REPORT**

The Commissioner of Social Security denied Plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff sought review of the Administrative Law Judge's ("ALJ") decision and the Magistrate Judge, the Honorable John Thomas Reid issued a Recommendation and Report (Doc. 12) on January 30, 2007, which recommended the Commissioner's decision be affirmed. This matter is currently before the Court on Plaintiff's Objections (Doc. 13) to the Recommendation and Report and Defendant's Response (Doc. 14) to Plaintiff's Objections.

The standards the Court must employ when reviewing objections to a recommendation and report are clear.[2] Only those portions of a recommendation and report identified as objectionable will be reviewed.[3] The review of those identified portions is *de novo* and the Court

[1]In February 2007, Michael J. Astrue was sworn in as the new Commissioner of the Social Security Administration. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[3] *See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."[4]

Plaintiff objects to those portions of the Recommendation and Report which: (1) found that the ALJ's error in not considering the opinion of Dr. Zimmerman, was harmless error; (2) upheld the ALJ's evaluation that plaintiff's subjective complaints of frequent bowels, dumping syndrome and severe fatigue were not credible; and (3) consequently upheld the ALJ's determination that plaintiff had an RFC for light, non-physically stressful work that allowed ready access to restroom facilities. Defendant responds by urging the Court to adopt the Recommendation and Report, without defendant providing any additional analysis or substantive argument.

The Court has conducted a *de novo* review, considering the relevant evidence of record, and agrees with Magistrate Judge Reid's finding that the ALJ's credibility and RFC determinations should be affirmed. As Judge Reid explained at length, the ALJ discounted plaintiff's credibility based on numerous reasons evidenced in the record, as set forth in more than two pages of the ALJ's decision. Further, Judge Reid appropriately examined the ALJ's findings in light of the well recognized *Luna*[5] factors for evaluating subjective testimony regarding symptoms, as well as the factors for evaluating credibility under the regulations promulgated by the Commissioner. As Judge Reid explained, these regulations largely overlap and expand on the same factors set forth in *Luna*. Nonetheless, plaintiff fails to identify what factors in the regulations Judge Reid did not apply in his evaluation of his credibility, just as in

---

[4] *See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

[5] *See Luna v. Bowen*, 834 F.2d 161-166 (10th Cir.1987).

his submissions to Judge Reid, plaintiff failed to support his allegations that the ALJ had failed to consider the factors under the regulations.

Moreover, this Court agrees with Judge Reid's determination that the ALJ's failure to consider Dr. Zimmerman's report was harmless error. Dr. Zimmerman's opinion was of limited utility. The only medical evidence available to Dr. Zimmerman during the relevant time period of January 1, 1992 through September 30, 1996, were the records of Dr. Kleinholz, whose findings were based solely on plaintiff's subjective complaints. For these reasons, Plaintiff's objections are denied and the Court accepts the January 30, 2007 Recommendation and Report and adopts it as its own.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the Recommendation and Magistrate Judge Reid (Doc. 13 ) shall be denied.

**IT IS FURTHER ORDERED** that the January 30, 2007 Recommendation and Report (Doc. 12) shall be adopted by the Court as its own.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2007, at Topeka, Kansas.

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge